UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:11CR424 HEA |
| | ) |
| JEREMY LOVE, | ) |
| | ) |
| Defendants, | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation of Magistrate Judge Thomas C. Mummert, III, addressing Defendant's Motion to Suppress Physical Evidence, [Doc. No. 58]. Defendant has filed written objections to Judge Mummert's Report and Recommendation. When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court will therefore conduct such a *de novo* review of those portions of the Report and Recommendation to which Defendant objects. The Court has reviewed the entire record, including the audio recording of the hearing held on December 21, 2011, and the transcript thereof.

Defendant argues that Judge Mummert's Report and Recommendation was based on insufficient information and facts existing at the time of the stop. Defendant argues that there were no facts and only assumptions which would establish a reliable nexus between Finch, Mitchell, the City of Chicago, and Defendant. Defendant's argument completely avoids any discussion of the evidence presented that Defendant was picked up from the Megabus from Chicago by the driver of an Altima, which was rented by Mitchell. Defendant placed his backpack into the trunk of the Altima, and, when the Altima arrived at the restaurant on Chestnut street, after looking to his left, his right and his rear, Defendant retrieved a package from his backpack. He placed this package in his waistband. Mitchell manipulated the rear seat and placed an object under the seat.

Upon discovering the package from the Altima, the above detailed evidence gave the officer sufficient belief that Defendant had committed a crime. Although Defendant argues that Defendant was arrested based merely on his association with suspected criminals, the evidence establishes otherwise.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, shall not be violated" without a proper warrant supported by probable cause. U.S. Const. amend. IV. To establish a Fourth Amendment violation,

however, "a defendant must show that he had a reasonable expectation of privacy in the area searched." *United States v. Marquez*, 605 F.3d 604, 609 (8th Cir. 2010). "A defendant lacks standing to contest the search of a place which he has an insufficiently close connection." *Id*. A Fourth Amendment search occurs when the government invades an area in which a person entertains a legitimate or justifiable expectation of privacy. *Rakas v. Illinois,* 439 U.S. 128, 143, n. 12 (1978); *Katz v. United States,* 389 U.S. 347, 353 (1967). As a passenger in the Altima, Defendant had no expectation of privacy. *US v. Green*, 442 F.3d 677, 680. While Defendant argues that he had a reasonable expectation of privacy in the contents of his backpack, Defendant completely ignores the fact that the package of heroin was no longer protected by contours of privacy he may have had in his backpack by his acts of removing the package from the backpack and placing it in the seat compartment.

Considering the totality of the circumstances, Judge Mummert's well-reasoned Report and Recommendation properly details the relevant facts and applies the applicable law. Defendant's objections are overruled. The Report and Recommendation is adopted *in toto*.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to suppress, [Doc. No.58], is

denied;

Dated this 9th day of February, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE